FRANCIS I. DUPONT & CO., PLAINTIFF-APPELLEE, *v.* JANOVITZ, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25222.  Decided December 9, 1960.

Mr. *Ralph A. Stark*, for plaintiff-appellee.
Messrs. *Terrell, Williams & Salim*, for defendant-appellant.

*Per Curiam*: This appeal comes to this court on questions of law from a judgment entered for the plaintiff after trial to the court, trial by jury having been waived.

The action, as shown by the amended petition, is on an account reflecting trading transactions on the stock market. The answer denies that plaintiff is a partnership, denies "that Exhibit 'A' attached to plaintiff's petition constitutes an account and denies that defendant is indebted to plaintiff in the sum of

Two Thousand Six Hundred Thirty Nine Dollars and Seventy-nine Cents ($2,639.79), or in any amount whatsoever.''

The answer then states that he is an individual who engaged in certain market transactions during the year 1959, some of said trading being done ''through the plaintiff'' but that ''in or about the month of June 1959, the defendant severed his relationships with the plaintiff and an accounting was had between them by virtue of which the plaintiff was paid in full for any and all items.''

''Defendant further states that the alleged account attached to plaintiff's petition does not contain any items ordered by him or contracted for by him, or for which he is chargeable.'' No reply was filed by the plaintiff.

The bill of exceptions is not a complete presentation of all of the evidence, the certificate of the court being:

''The above and foregoing were the motions offered at the trial of this cause in the Municipal Court of Shaker Heights, Cuyahoga County, Ohio, by the defendant.''

After the first witness for plaintiff was sworn and started to testify, the defendant moved for judgment on the ground that the answer alleges payment, which is an affirmative defense, and not being controverted by reply, the well pleaded allegations are admitted to be true and, therefore, the defendant is entitled to judgment on the pleadings. This motion was overruled. The record shows that the plaintiff's evidence was then received, no part of which is contained in the bill of exceptions, and that after plaintiff concluded his evidence and rested his case, the defendant renewed his motion for judgment, which after argument, was again overruled. The defendant, without presenting any evidence, rested his case and judgment was entered for the plaintiff.

It is made perfectly clear by defendant's answer that the only issue presented by the pleadings is whether or not the items shown by the account ending December 3, 1959 concerned stock transactions between the plaintiff and the defendant. The defendant's claim of payment had to do with transactions up and until the month of June 1959. The defendant also denies any stock transactions after that date which is a denial of the account claimed as pleaded by the plaintiff as indicated by the portions of the pleadings quoted. The defendant

did not bring into the record plaintiff's evidence as presented on trial. We are, therefore, unable to say that the evidence presented did not establish the account pleaded. Payment of this account was not claimed by the defendant's answer.

The judgment is, therefore, affirmed.

HURD, P. J., KOVACHY and SKEEL, JJ., concur.